MILTON BELL *vs.* SURVEILLANCE UNLIMITED, INC., & others. January 28, 1980. The plaintiff, a retail seller of burglar alarm units, brought a complaint against the defendant corporation (Surveillance) and two of its officers as individuals, seeking multiple damages and attorney's fees under G. L. c. 93A, § 11, inserted by St. 1972, c. 614, § 2, based on alleged deceptive or unfair trade practices by the defendants. The complaint alleged in part that the defendants had promised the plaintiff to refund the purchase price of burglar alarm units in exchange for return of the units by the plaintiffs and that the defendants had failed to perform this promise following the return of the units. The judge entered a judgment for the defendant officers, but entered judgment for the plaintiff against Surveillance in the amount of $3,790.85, with interest and costs, based on his finding that "Surveillance did accept the return of the articles purchased from it by the plaintiff and a cash credit of $3,790.85 [was] given to the plaintiff[,] which amount has not been paid to the plaintiff." We assume, as the plaintiff apparently does in his appeal, that the judge's findings, together with the judgment, are the equivalent of a ruling that Surveillance did not act in violation of G. L. c. 93A, § 2, inserted by St. 1967, c. 813, § 1.

The plaintiff argues on appeal that the judge erred in failing to find that Surveillance had violated G. L. c. 93A, § 2, and in failing to base his findings on the Attorney General's Rules and Regulations, 20 Code Mass. Regs., Title 940, §§ 3:13(2)(c) and 3:16(2) (1978), promulgated under G. L. c. 93A, § 2(c). Section 3:13(2)(c) deals with refunds, return and cancellation privileges, and § 3:16(2) with failure to disclose material facts to a buyer. While a refusal by a seller to grant a refund or allow a return, when promised as part of the inducement to buy, might, in certain circumstances, constitute an unfair or deceptive trade practice within the meaning of § 3:13(2)(c) of the regulations, such was not the case disclosed by the evidence presented to the judge. Contrast *Goodman* v. *FTC*,

244 F.2d 584, 600-601 (9th Cir. 1957). See Alperin & Chase, Consumer Rights and Remedies § 52 (1979). Here, the evidence does not support the contention that Surveillance acted unfairly or deceptively within the meaning of the regulations or G. L. c. 93A, § 2, when it failed to perform its promise. See *PMP Associates, Inc.* v. *Globe Newspaper Co.*, 366 Mass. 593, 595-596 (1975), and *Levings* v. *Forbes & Wallace, Inc.*, 8 Mass. App. Ct. 498, 502 (1979). Based on the evidence before the judge, we conclude that his findings were correct and that the plaintiff was not entitled to recover either attorney's fees or multiple damages.

*Judgment affirmed*

*David A. Robinson* for the plaintiff.